*In re* G.W. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Debra B., Respondent-Appellant).

Second District    No. 2—04—1131

Opinion filed June 13, 2005.—Rehearing denied June 30, 2005.

Charles G. Rose, of Sycamore, for appellant.

Ronald G. Matekaitis, State's Attorney, of Sycamore (Martin P. Moltz and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Respondent, Debra B., appeals from the orders of the trial court finding her to be an unfit parent and terminating her parental rights to G.W., J.W., and K.W. We vacate and remand.

In October 2001, Debra admitted to petitions alleging that she neglected her children G.W., J.W., and K.W. in that the minors were in an injurious environment because the parents engaged in domestic violence. The trial court entered findings of neglect and continued the cases for a dispositional hearing. On November 30, 2001, the court entered a dispositional order and continued the cases to January 25, 2002. The State then filed a motion to appoint the Department of Children and Family Services (DCFS) guardian with power to place the minors, alleging that Debra had failed to fully comply with DCFS. The trial court granted this motion on February 15, 2002. DCFS took custody of the minors and placed them in foster homes on March 1, 2002, after G.W. was found locked out of the house for more than an hour after arriving home from school.

On June 24, 2003, the State filed petitions to terminate the parental rights of Debra and of Ernest W., father of the three minors. (As Ernest W. is not party to this appeal, we will not deal with the allegations or proofs against him.) The petitions alleged that Debra: (1) failed to maintain a reasonable degree of responsibility as to the minors' welfare; (2) failed to protect the minors from conditions within her environment that were injurious to the minors' welfare; and (3) failed to make reasonable efforts to correct the conditions that were the basis of the removal of the minors or to make reasonable progress toward the return of the minors during any nine-month period following the initial nine-month period after the neglect adjudications. The hearing on the petitions began on October 3, 2003, and testimony was heard at various times until July 16, 2004, when the trial court found that the State had proved all counts of the petitions and that Debra was an unfit parent. On October 22, 2004, the trial court found that termination of Debra's parental rights was in the best interests of the minors and appointed DCFS as guardian with the power to place the minors and consent to adoption. This appeal followed.

■ Debra first contends that the trial court's finding that she was an unfit parent was against the manifest weight of the evidence. A determination of parental unfitness involves findings of fact and credibility assessments that the trial court is in the best position to make. *In re Tiffany M.*, 353 Ill. App. 3d 883, 889-90 (2004). We will defer to the trial court's factual findings and will not reverse the court's decision unless those findings are against the manifest weight of the evidence. *Tiffany M.*, 353 Ill. App. 3d at 890. A factual finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the determination is arbitrary, unreasonable, and not based on the evidence. *Tiffany M.*, 353 Ill. App. 3d at 890. Because parents have superior rights against all others to raise

their children, the State must prove by clear and convincing evidence at least one ground of parental unfitness under section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2002)) before the trial court may terminate parental rights. *Tiffany M.*, 353 Ill. App. 3d at 890. A reviewing court need not consider other findings of unfitness when there is sufficient evidence to satisfy any one statutory ground. *In re A.S.B.*, 293 Ill. App. 3d 836, 843 (1997).

■ To determine whether a trial court's findings of fact are against the manifest weight of the evidence, this court must be able to review both the evidence presented and the trial court's findings of fact. However, the trial court in this case has failed to enter findings of fact. After hearing the testimony of more than 10 witnesses over a period of approximately nine months, the trial court made no findings of fact in either its oral statement at the end of the fitness hearing or in its written order. While we grant great deference to the trial court's findings of fact, our review is made more difficult when no such findings are made and only a blanket finding of "proven" is pronounced. We cannot review or defer to something that was never made; therefore, we admonish trial courts to pay particular attention to making findings of fact so that meaningful review of the ultimate curtailment of parental rights is given. See *In re Madison H.*, 215 Ill. 2d 364 (2005) (wherein Justice Kilbride's special concurrence reiterates the majority's statement that findings of fact are necessary in part to enable and facilitate appellate review). See also *In re April C.*, 326 Ill. App. 3d 225, 238 (2001), which points out that unfitness in termination cases is proven by clear and convincing evidence whereas unfitness that does not result in a complete termination of all parental rights is by a preponderance of the evidence. The greater burden of proof is indicative of the severity of the judgment of termination and the need for complete and accurate appellate review.

Regardless of the difficulties placed upon this court due to a lack of findings of fact, the trial court committed reversible error when the following took place:

"THE COURT: If this was a sentencing hearing, I would think then the factors that you cite and I'm well aware of would mitigate any type of punishment. If this was a criminal charge I would think the factors that you've cited and the factors that I've heard in this lady's life over these last years [*sic*] I'm not sure whether the State would have proven, assuming it was a specific intent crime, but that's not what we're all about here. *What we're about here is the child and what is in the best interest of the child.*

I agree with you, there are reasons why this lady finds herself in this situation, and some of those reasons may actually mitigate.

I'm aware of her illnesses, I'm aware of Mr. [W.'s] conduct, I'm aware of her conduct, but does it matter whether or not it's specifically her fault, partially her fault or totally her fault that we wind up in this situation today? Am I to say, well, since others have contributed to this situation, we'll just continue to have the children with you? *How would that be in the best interests of the children?* I think if the State proves, and as I believe they've [*sic*] proven here by clear and convincing evidence, all three of the issues in their [*sic*] petition with respect to the mother and all the allegations with respect to the father, I think that's it. I don't think we go into the reasons. The point is that we can't return the children to her.

*I find that the State has proven the allegations in the petition both with respect to mother and father and we'll enter an order terminating.*

MR. KRASNER [Debra's counsel]: Judge, we're at the first stage.

THE COURT: Right. We have to have the best interest."
(Emphasis added.)

Debra limits her arguments regarding the manifest weight of the evidence to a single allegation contained in the petitions without addressing the court's lack of findings at the unfitness stage (although later arguing that the court failed to make factual findings at the time the neglect findings were made) or the incorrect oral ruling. Generally, the failure to raise an issue on appeal, let alone to properly preserve it below, would result in the issue not being addressed at all. See 188 Ill. 2d R. 341(e)(7). It is not the function of this court to scour the record in order to find a reason to reverse the trial court. *In re Cornica J.*, 351 Ill. App. 3d 557, 572 (2004) (Kapala, J., dissenting). However, Supreme Court Rule 615(a) allows this court to give notice to "[p]lain errors or defects affecting substantial rights *** although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a). The "plain error" doctrine encompasses those errors that are obvious, that affect substantial rights, and that would be an affront to the integrity and reputation of the judicial system. *People v. Campbell*, 264 Ill. App. 3d 712, 725 (1992).

We need not scour the record in this case; the error of the trial court is contained in the judgment order and the transcripts of the oral entry of judgment. The trial court repeatedly invoked the best interests of the children at the conclusion of the fitness hearing and even stated that "an order terminating" parental rights is to be entered. These misuses of the standards to be used, findings to be made, and orders to be entered at the best interests hearing, *not* the fitness hearing, may have been nothing more than inadvertent slips of the tongue; however, in the absence of any factual findings by the trial

court, we cannot determine whether the trial court merely misspoke or was truly confused and misapplied the standards and findings of the best interests hearing to the fitness hearing. A parent's interest in the care, custody, and management of her children is a fundamental liberty interest protected under the fourteenth amendment. *Santosky v. Kramer*, 455 U.S. 745, 753, 71 L. Ed. 2d 599, 606, 102 S. Ct. 1388, 1394-95 (1982); *Cornica J.*, 351 Ill. App. 3d at 565-66. To allow the termination of a parent's right to her children when the trial court's ruling is so misplaced would indeed be an affront to the integrity and reputation of the judicial system. This is true even when, especially when, the parent's appointed trial and appellate attorneys fail to properly address the issue. There is no postadoption petition in which a parent can raise ineffective assistance of counsel; if the issue is waived on appeal and the judgment of termination is affirmed, there is no future opportunity to reconsider a relationship that has been permanently and completely severed by the termination of parental rights. See *Cornica J.*, 351 Ill. App. 3d at 566. The outcome of this case is not worthy of confidence and cannot stand.

For these reasons, the judgment of the circuit court of De Kalb County is vacated, and the cause is remanded for a new hearing on unfitness should the State so wish to proceed.

Vacated and remanded.

GROMETER and GILLERAN JOHNSON, JJ., concur.